1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRYANT RAY LEVI, | ) | 1:11-CV-00661 AWI GSA HC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| | ) | |
| JAMES D. HARTLEY, Warden, | ) | [Doc. #14] |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, following his conviction by jury trial on March 22, 1995, of two counts of carjacking and three counts of second degree robbery. (See Lodged Doc. No. 1.)  Petitioner was sentenced to serve a determinate term of thirty-one years and eight months in state prison.  (Id.)

Petitioner appealed the conviction to the California Court of Appeals, Fifth Appellate District.  On October 25, 1996, judgment was affirmed. (See Lodged Doc. No. 2.)  Petitioner then

1   petitioned for review in the California Supreme Court.  On January 15, 1997, the petition was

2   summarily denied. (See Lodged Doc. No. 4.)

3          Petitioner then filed four post-conviction collateral challenges with respect to the judgment in

4   the state courts, all petitions for writ of habeas corpus, as follows[1]:

5          1.      Fresno County Superior Court
                   Filed: November 8, 2007;
6                  Denied: December 21, 2007;

7          2.      California Court of Appeal, Fifth Appellate District
                   Filed: January 25, 2008;
8                  Denied: February 8, 2008;

9          3.      California Supreme Court
                   Filed: February 29, 2008;
10                 Denied: August 13, 2008;

11         4.      California Supreme Court
                   Filed: September 15, 2009;
12                 Denied: October 20, 2010.

13  See Lodged Docs. Nos. 5-12.

14         On April 8, 2011, Petitioner filed the instant federal petition for writ of habeas corpus in this

15  Court. On October 14, 2011, Respondent filed a motion to dismiss the petition as being filed outside

16  the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner filed an opposition

17  to Respondent's motion to dismiss on November 18, 2011.  On January 4, 2012, Respondent filed a

18  reply to Petitioner's opposition.

19                                      **DISCUSSION**

20  A.  Procedural Grounds for Motion to Dismiss

21         Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

22  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

23  entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

24         The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if

25  the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

26

27         [1]Pursuant to the mailbox rule, the Court deems the petitions filed on the dates Petitioner signed them and
28  presumably handed them to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988); Huizar v. Carey, 273
    F.3d 1220, 1222 (9th Cir. 2001).

state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period.  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on April 8, 2011, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

1       retroactively applicable to cases on collateral review; or

2            (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

           (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final.  In this case, the petition for review was denied by the California Supreme Court on January 15, 1997.  Thus, direct review concluded on April 15, 1997, when the ninety (90) day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner had one year until April 15, 1998, absent applicable tolling, to file his federal petition for writ of habeas corpus.  However, Petitioner delayed filing the instant petition until April 8, 2011, nearly thirteen years beyond the due date.  Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).  In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory

1  tolling. Id.

2       In this case, the statute of limitations commenced on April 16, 1997, and expired on April 15,

3  1998.  Although Petitioner filed four collateral challenges to his conviction and sentence, he did not

4  do so until November 8, 2007.  Because the limitations period had expired ten years before, the

5  collateral challenges had no tolling consequence.  Green v. White, 223 F.3d 1001, 1003 (9th

6  Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also

7  Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354

8  (N.D.Cal.2002).

9  D.  Equitable Tolling

10      The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that

11 he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

12 way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran

13 Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998),

14 citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S.

15 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544

16 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395

17 (9th Cir.1993). Here, the Court finds no reason to equitably toll the limitations period.

18 E.  Petitioner's Arguments of Timeliness

19      Petitioner raises two arguments contending his petition is timely.  First, he claims that under

20 federal law sentencing errors can be raised at any time.  Petitioner does not cite to any federal law for

21 this proposition and the Court is unaware of any authority so holding.  He cites only state law, but

22 state law is inapplicable.  Rather, as discussed above, the timeliness of a federal habeas petition is

23 governed by the statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) allows

24 for four possible start dates for the statute of limitations.  Section 2244(d)(1)(A) applies in this case,

25 as previously discussed.  Petitioner makes no argument for a different start date with respect to the

26 other three possible trigger dates, and in any event, none of them apply here.

27      Second, Petitioner argues that Respondent incorrectly averred that the fourth state habeas

28 petition was untimely.  However, as Respondent points out in his reply, Respondent made no such

1   argument.  In any event, all four habeas petitions were filed ten years after the limitations period had

2   already expired and therefore could have no tolling consequences.

3                                               **RECOMMENDATION**

4            Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be

5   GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to

6   comply with 28 U.S.C. § 2244(d)'s one year limitation period.

7            This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United

8   States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

9   304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

10           Within thirty (30) days after being served with a copy of this Findings and Recommendation,

11  any party may file written objections with the Court and serve a copy on all parties.  Such a

12  document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

13  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if

14  served by mail) after service of the Objections.  The Finding and Recommendation will then be

15  submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. §

16  636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may

17  waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

18  1991).

19

20           IT IS SO ORDERED.

21    **Dated:**   **January 10, 2012**                    **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28